UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH J. NELSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CASE NO. 1:02-cv-0477-DFH-TAB ) |
| IPALCO ENTERPRISES, INC., et al., | ) ) ) |
| Defendants. | ) |

ENTRY ON SECOND MOTION TO COMPEL

Plaintiffs have filed a second motion to compel, one that sought production of unredacted transcripts of interviews or testimony that defendants and others gave before the Indiana Securities Division of the Secretary of State's Office in connection with an investigation of the acquisition of IPALCO Enterprises, Inc. in 2001 by The AES Corporation, as well as other exhibits and documents regarding that transaction.

Defendants' response to the motion conceded that the unredacted transcripts are responsive to at least one of plaintiffs' earlier document requests that is subject to a duty to supplement. Defendants argued that they were entitled to produce only the redacted documents, with non-responsive portions of the documents deleted.

Before the plaintiffs filed their reply memorandum, they obtained the unredacted transcripts from the court reporter who transcribed them. On the day the court had a draft order ready to require prompt production of all the unredacted transcripts and interrogatory answers, plaintiffs then filed a reply brief that substantially changed the nature of the issues. The reply brief compared the unredacted transcripts to the defendants' redactions. Plaintiffs argued that defendants had redacted material that was relevant and responsive to the plaintiffs' requests that were subject to a duty to supplement. Plaintiffs sought the following relief: (1) reimbursement for the costs of the transcripts; (2) production of all interrogatory responses to the Secretary of State; and (3) production of all documents defendants produced to the Secretary of State. Plaintiffs also asked for an order stating that they may "use any documents or interrogatory answers that were not previously provided, but were responsive to their prior discovery requests, as exhibits" at trial. The court then granted defendants' motion for leave to file a surreply to address the new issues.

I.  *The Original Redactions and Omissions*

The document request was for responsive *documents.* A document is responsive even if not every line or page would be responsive if examined in isolation. Defendants do not claim that the material they redacted from the transcripts is subject to any applicable evidentiary privilege. There is no general right in civil litigation to edit and redact documents before they are produced. In addition, defendants did not produce even redacted transcripts of the interviews

with Michael Holstein, who was involved in the IPALCO efforts at due diligence toward AES after the terms of the deal shifted to a stock-for-stock swap, or with Max Califar, who was involved in the benefits provided to IPALCO's senior officers related to the AES acquisition.

With respect to the redacted transcripts, the court recognizes that there is authority giving a district court discretion to permit such redaction to protect other legitimate privacy interests. For example, in *Diak v. Dwyer, Costello & Knox, P.C.*, 33 F.3d 809, 813 (7th Cir. 1994), the issue was whether the plaintiff should be required to produce his entire, unredacted tax returns for an eight-year period. The district court examined the unredacted returns and concluded that the redacted material was not relevant to the case. The Seventh Circuit found no abuse of discretion. See generally Fed. R. Civ. P. 26(b)(2)(iii) & 26(c) (giving district court authority to limit scope of discovery).[1]

There would be no reason for the court to exercise such discretion in this case. The investigation by the Secretary of State concerned the transaction that is at issue here. The scope of the investigation was not identical to the scope of

---

[1] Defendants also cite *CSC Recovery Corp. v. Daido Steel Co.*, 1997 WL 661122, *5-6 (S.D.N.Y. Oct. 22, 1997), to support their redaction, but in that case, the documents were redacted primarily to preserve the attorney-client privilege. Such redaction is routine in privilege cases. There is no need for such a procedure in this case where there is no claim of privilege for the documents in question, or even for portions of them. A few redactions in *CSC Recovery* apparently dealt with irrelevant material, rather than privileged material. Those redactions could be justified under the court's general power under Rule 26 to limit the scope of discovery.

this case, but the two are obviously closely related. Defendants do not contend that there is any particular privacy interest, let alone a privilege, that would have been invaded by compelling production of the entire documents. Also, defendants did not propose themselves that the procedure in *Diak* be used – having the court review the entire file to determine whether the unredacted documents should be produced. There would have been no reason to do so, especially where material that might not be directly responsive to a document request or interrogatory might well be relevant to the trial in this case.

With respect to the timing of the supplemental production, the court recognizes the defendants' points that (a) the existence of the investigation was widely publicized, and (b) the government investigators asked that information not be disclosed even among witnesses represented by the same law firm, let alone with opposing parties in civil litigation.

As for the defendants' omission of Califar and Holstein, the court rejects the suggestion that their interview transcripts were merely cumulative to materials the plaintiffs had already obtained. This close to a bench trial, the court will not go into detail on the point. A more definitive discussion would take the court into issues of weight and relevance that could not be addressed fairly before trial, and the court could not, and would not want to, express views that might be misinterpreted as views on the merits of the case. But for purposes of discovery, a second witness's testimony about a meeting or discussion, for example, and Mr.

Holstein's account of IPALCO's due diligence conducted after the deal became a stock-for-stock deal, are not merely cumulative.

II.     *The Additional Relief Sought*

Plaintiffs first request that the defendants be ordered to reimburse them for the costs of the transcripts. The court sees no reason for that relief. Under Rule 34 of the Federal Rules of Civil Procedure, plaintiffs were entitled to inspect and copy the unredacted transcripts. They were not entitled to free copies. To the extent the court reporter might have charged more per page than copies on a copy machine cost, that is customary. The transcript costs become part of the overall costs of the case.

Plaintiffs' second request is that defendants be ordered to produce some individuals' responses to interrogatories posed by the Secretary of State. Defendants' surreply indicates that request is also moot at this time.

Plaintiffs also request that defendants be ordered to produce copies of all documents they produced to the Secretary of State. That relief is not warranted at this stage. First, the request comes very late in the case. The existence of the Secretary of State's investigation has been widely publicized for more than two years. Second, that additional relief is not really tailored to the problem here, which was the redaction of the transcripts, not the timing of their disclosure, which was reasonable in view of the Secretary of State's request. Third, with

respect to timing, the plaintiffs' request came only a few weeks before trial. The court assumes that counsel on both sides have more than enough to do at this stage rather than cope with a broad and massive request for more than 100,000 documents that will inevitably involve substantial overlap with documents already produced. The marginal benefit of such an effort is likely to be minimal.

Plaintiffs also request that they be permitted to use at trial the newly-obtained transcripts and interrogatory answers. Defendants respond that they may have relevance, hearsay, and other objections. The court has no intention of resolving such evidentiary objections at this time and in this manner. To the extent that plaintiffs ask that they be allowed to use these materials even if they were not previously identified on exhibit or witness lists, though, the court sees no reason why plaintiffs should not be permitted to do so.

Finally, the court finds that plaintiffs are entitled to one other form of relief, their attorney fees and costs incurred in preparing the original motion and supporting materials, pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure. Defendants' resistance to the motion was not so justified as to warrant a departure from the usual presumption that costs should be awarded to a successful party on a motion to compel discovery. The court has noted defendants' suggestion that the fact they produced even the redacted transcripts is a good deed that plaintiffs seek to punish. The court does not view the matter in the same way. Those transcripts were responsive documents. They were in the

possession, custody, or control of defendants, and they needed to be produced. There was no basis for redaction.

Also, the court is not at all persuaded by defendants' arguments that the redacted materials were merely cumulative to information the plaintiff already had. Rule 26(e)(2) requires supplementation of discovery responses "if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The court has reviewed the redactions and defendants' arguments that there was nothing new there. Without reviewing those points in detail, and without attempting to deciding before trial the significance of the redacted material, suffice it to say that having a witness's prior or later statement on the same subject can show significant differences, and having a second witness's account of an event can also be significant.

No later than 14 days after the last day of trial, plaintiffs may submit a request for attorney fees and costs incurred in preparing and filing the second motion to compel filed on December 12, 2005. Defendants may respond no later than 14 days later.

So ordered.

Date: February 3, 2006

                             *David F. Hamilton*

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
steve@hbsslaw.com

Dane Hal Butswinkas
WILLIAMS & CONNOLLY LLP
dbutswinkas@wc.com

James H. Ham, III
BAKER & DANIELS
jhham@bakerd.com

Catherine A. Meeker
BAKER & DANIELS
cameeker@bakerd.com

Vidya Atre Mirmira
WILLIAMS & CONNOLLY
vmirmira@wc.com

John R. Price
JOHN R PRICE & ASSOCIATES
john@johnpricelaw.com

John W. Purcell
BAKER & DANIELS
john.purcell@bakerd.com

Nicholas Styant-Browne
HAGENS BERMAN, LLP
nick@hagens-berman.com

Andrew M. Volk
HAGENS BERMAN SOBOL SHAPIRO LLP
andrew@hbsslaw.com

-9-

Tyler Stuart Weaver
HAGENS BERMAN SOBOL SHAPIRO LLP
tyler@hbsslaw.com

R. Hackney Wiegmann
WILLIAMS & CONNOLLY LLP
hwiegmann@wc.com

Paul A. Wolfla
BAKER & DANIELS
paul.wolfla@bakerd.com